IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

2013 DEC 13 P 4:09

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| **KATHERINE THOMAS**, individually, and as the administrator of the estate of **CHRISTOPHER JEROME THOMAS**; | ) ) ) ) ) |
| Plaintiff, | ) Civil Action No. 1:13-cv-920-WHA-SRW ) |
| v. | ) ) |
| **DARREN MOODY**, in his individual capacity; | ) ) ) **JURY DEMANDED** |
| Defendant. | ) |

## COMPLAINT

Plaintiff KATHERINE THOMAS, as the administrator of the estate of CHRISTOPHER JEROME THOMAS ("Decedent"), and through her undersigned attorney, files this Complaint. Ms. Thomas will use 42 U.S.C. § 1983 as the vehicle to vindicate her rights under the Fourth and Fourteenth Amendments to the United States Constitution, to redress the deprivation of the Decedent's Constitutional rights by Officer DARREN MOODY, the Defendant in this action. Ms. Thomas will also seek to hold Defendant Moody liable under Alabama law for the wrongful death of her son. In support of her Complaint, the Plaintiff alleges the following:

## INTRODUCTION

On June 28 2012, Defendant Moody shot and killed a person he admittedly **mistook** for a criminal suspect. On that date Moody followed the Decedent while initially believing the Decedent was another person, "Booty Bop," suspected of a crime. Moody even called in "Booty Bop's" real name on his dispatch radio as he pulled behind the Decedent's car. Moody, however, had good reason know that the vehicle he was following was not the same vehicle Moody's suspect, Booty Bop, drove. Further, the Decedent and "Booty Bop" look nothing alike--except the fact that both are African-American. Nevertheless, Moody shot and killed the Decedent as the Decedent sat in a **stopped** vehicle. At the time of the shooting the Decedent posed no threat to Moody or to any other person, nor was the Decedent's car aimed at Moody or anyone else. Moody's objectively unreasonable use of deadly force violated the Decedent's Constitutional right to be free from an unreasonable seizure. Moody's unreasonable use of deadly force also directly and proximately caused the Decedent's wrongful death. Therefore, the Plaintiff files this action on Decedent's behalf.

## PARTIES

2.

At all times relevant to this Complaint Katherine Thomas was a citizen of the United States and a resident of Midland City, Alabama. Ms. Thomas is the natural mother of the Decedent and is the administrator of the Decedent's estate. At all times relevant to this Complaint the Decedent had clearly established legal rights under state and federal law and the United States Constitution. Ms. Thomas submits herself to the jurisdiction and venue of this Court and is entitled to bring this action on the Decedent's behalf under state and federal law for all general, special, compensatory, punitive, and any other permissible damages.

3.

At all times relevant to this Complaint Darren Moody was a United States citizen, an Alabama resident, and a sworn officer of the Dothan Police Department. At all relevant times to this Complaint Defendant Moody was acting under the color of state law. At all relevant times, Defendant Moody was subject to the laws of the State of Alabama and the Constitution of the United States. At all relevant times, Moody was responsible for knowing and acting in accordance with all policies, procedures, orders, special orders, general orders, guidelines and regulations of the Dothan City Police Department, while upholding his responsibility to patrol the streets of Dothan, Alabama as a Dothan City police

officer. When Moody first saw the Decedent, Moody called in the license plate of the vehicle the Decedent was driving. Moody had reason to know, within seconds of pulling behind the Decedent's car, that the Decedent's car was not the car of the suspect, Booty Bop, that Moody was looking for. Moody pursued the Decedent nevertheless. The Decedent and Moody's vehicle entered a spacious and nearly empty parking lot. At that point, Moody intentionally and falsely stated over his vehicle radio that the Decedent was trying to ram cars. When the Decedents car stopped while in the parking lot, Moody existed his car and circled around the back of his own patrol car. From the rear right side of his own patrol car, Moody approach the left driver side window of the Decedent's car, and at that time, the Decedent's car was completely stopped. Moody was several feet away from the subject driver side window while the Decedent's car was stopped and **not** facing or moving toward Moody in any manner, and not facing or moving toward anyone in any manner. At that point, Moody saw that (1) the Decedent was unarmed and that (2) the Decedent was not Booty Bop, the suspect who Moody was looking for. Moody never gave the Decedent adequate time to obey any alleged command. Instead, Moody shot the Decedent multiple times, including gunfire to the side of the Decedent's neck—all while the Decedent's car was **not** moving and **not** facing (endangering) anyone, including Moody. Ms. Thomas is using 42 U.S.C § 1983 as the vehicle to sue Moody in his individual capacity regarding federal claims.

Moody may be personally served with process at his place of employment, the Dothan Police Department, located at 126 N. Saint Andrews Street, Dothan, AL 36303.

## JURISDICTION AND VENUE

4.

This Court has original subject matter jurisdiction over the federal claim in this action in accordance with 28 U.S.C. § 1331 because the claim raises a federal question under the laws and Constitution of the United States.

5.

This Court has supplemental subject matter jurisdiction over the state claim in this action under 28 U.S.C. § 1367(a) because the state and federal claims form part of the same case or controversy under Article III of the United States Constitution.

6.

This Court has personal jurisdiction over the Defendant because he is domiciled in Alabama.

7.

Venue is proper in the Middle District of Alabama under 28 U.S.C. § 1391(b)(1) because the Defendant resides in this district and under 28 U.S.C. §

1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this district.

## FACTS COMMON TO BOTH COUNTS

8.

On June 28, 2012, Defendant Moody had an encounter with an individual known as "Booty Bop" in Dothan, Alabama.

9.

Later that day the Defendant was patrolling the streets of Dothan when he passed the Decedent's white SUV going in the opposite direction. The Defendant mistakenly believed that the driver of the white SUV was "Booty Bop." In fact, the driver of the white SUV was the Decedent.

10.

At the point that Moody mistakenly believed the Decedent was "Booty Bop," the Decedent had not committed any crimes in the Defendant's presence, and the Defendant had no reason to believe that the Decedent had committed any crimes outside of his presence.

11.

In light of the facts above in paragraph 10, Moody nevertheless followed the Decedent into a virtually empty parking lot.

12.

While in the parking lot, Moody intentionally misreported the event on his police radio, stating that the Decedent had "tried to ram an unmarked car."

13.

While still in the parking lot, the Decedent stopped his vehicle.

14.

Moody stopped his patrol car to the left of the Decedent's vehicle. Moody then exited his patrol car and moved around its back. From the back right rear of his Patrol car, Moody approached the left side driver's window of the Decedent's car.

15.

Moody approached the Decedent's driver's side window with his gun drawn, standing at a distance of several feet from the subject driver side window. At this point, Moody saw, and thus knew, that the Decedent was unarmed.

16.

The Decedent's vehicle had come to a complete stop, he was unarmed, and neither the Defendant nor any other person was in a position to be rammed or otherwise harmed by the Decedent.

17.

With his gun drawn, Moody saw the face of the Decedent while approaching the Decedent's stopped vehicle. At that moment, Moody knew and had every reason to know that the Decedent was not Moody's suspect, "Booty Bop." Nevertheless, and before giving the Decedent any time to respond to any alleged command, Moody immediately opened fire on the Decedent, while knowing the subject vehicle was not aimed at (or moving towards) him in any manner, and while knowing the subject vehicle was stopped and not aimed at (or moving toward) anyone.

18.

Moody's gunfire struck the Decedent five times (twice in the side of the Decedent's neck), killing him.

19.

At no time prior to, during, or after Moody fatally shot the Decedent, did the Decedent aim his car at Moody or any other police officer or pedestrian.

20.

The Decedent's autopsy report demonstrates that all five shots entered the Decedent on a left-to-right trajectory (two in the neck from left to right). The trajectory and angle of Moody's gunfire is consistent with the allegation that

Moody fatally shot the Decedent while standing to the side of the Decedent's vehicle out of harms way.

## COUNT ONE (FEDERAL CLAIM)
## 42 U.S.C. § 1983—FOURTH AMENDMENT VIOLATION

21.

The Plaintiff hereby reiterates and incorporates by reference the allegations contained in paragraphs 1-20 as if set forth fully herein.

22.

At all times relevant to this Complaint the Decedent had a clearly established right under the Fourth Amendment to the United States Constitution to be free from unreasonable seizure by government agents such as the Defendant.

23.

Based on all facts that have been incorporated to support this Count, Moody violated the Decedent's clearly established right to be free from unreasonable seizure by using deadly force on the Decedent when the Decedent posed no threat to the Defendant or to any other person.

24.

Because of Moody's objectively unreasonable conduct, the Plaintiff therefore seeks all damages permitted by law, including punitive damages, against the Defendant, in an amount to be determined by the enlightened conscience of a jury, together with interest and any costs this Court deems just.

## COUNT TWO (STATE CLAIM)
## ALA. CODE § 6-5-410—WRONGFUL DEATH

25.

The Plaintiff hereby reiterates and incorporates by reference the allegations contained in paragraphs 1-24 as if set forth fully herein.

26.

The Plaintiff is the natural mother of the Decedent and the administrator of the Decedent's estate.

27.

Based on the incorporated facts and claim to support this Count, and while working within the scope of his employment with the City of Dothan, Moody wrongfully killed the deceased by intentionally and negligently violating the City of Dothan's policy/regulation regarding the use of deadly force against Dothan residents such as the Decedent. Also, while working within the scope of his employment with the City of Dothan, Moody violated the Decedent's clearly established Fourth Amendment right to be free from unreasonable seizure.

28.

Moody's negligent, intentional and wrongful conduct, as demonstrated above, directly and proximately caused the Decedent's death.

29.

Because the Defendant's wrongful act caused the death of the Decedent, the Plaintiff is entitled to bring this survival action pursuant to ALA. CODE § 6-5-410.

30.

The Plaintiff has complied with all Notice of Claim requirements. A copy of said Notice is attached to this Complaint as **Exhibit A**.

31.

The Plaintiff therefore seeks all damages permitted by law, including punitive damages, against the Defendant, in an amount to be determined by the enlightened conscience of a jury, together with interest and any costs this Court deems just

## ATTORNEY FEES

32.

Plaintiff is entitled to reasonable attorney fees under applicable federal and state law.

## PUNITIVE DAMAGES

33.

The wanton and intentional nature of Moody's wrongful conduct entitles Plaintiff to punitive damages under applicable federal and state law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff respectfully prays for the following relief:

1. That this Court exercise jurisdiction over this case and grant a jury trial;

2. That this Court decide, as a matter of law, all issues not required to be determined by a jury;

3. That this Court award all permissible damages recoverable from the Defendant, including general, special, compensatory, punitive, and any other damages deemed appropriate, in an amount to be determined at trial;

4. That this Court permit recovery of reasonable attorney's fees and costs in an amount to be determined by this honorable Court under applicable law; and

5. That this Court grant any additional relief that this Honorable Court deems appropriate under the circumstances.

Respectfully submitted this 13th day of December 2013,

MARIO WILLIAMS
GA Bar No.: 235254

Williams Oinonen, LLC
44 Broad Street, NW, Suite 200
Atlanta, Georgia 30303
(404) 654-0288 Telephone
(404) 592-6225 Facsimile

Counsel for Ms. Thomas