IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KATHERINE THOMAS, etc. | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Civil Action No. 1:13cv920-WHA |
| DARREN MOODY, | ) | |
| | ) | (wo) |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.   FACTS AND PROCEDURAL HISTORY**

This cause is before the court on the Plaintiff's Consolidated Motion to Amend Her First Amended Complaint to Add the City of Dothan Pursuant to Ala. Code §11-47-190 and a Negligent Hiring Claim, filed on May 13, 2014 (Doc. #23).

The Plaintiff, Katherine Thomas, filed her original Complaint in this case in December 2013.  She alleges in the Complaint that she is the administrator of the estate of Christopher Thomas.   She alleges that Christopher Thomas was killed on June 28, 2012 as a result of actions of Defendant Darren Moody, a City of Dothan police officer.   Pursuant to this court's Scheduling Order, the Plaintiff could seek to amend the pleadings and to add parties on or before June 1, 2014. On May 13, 2014, the Plaintiff filed the instant motion to amend her Complaint to add the City of Dothan and to include Count III (State Claim)--Ala. Code § 11-47-190, and Count IV (State Claim)--Negligent Hiring.   The Plaintiff's requested amendment is timely.

The Defendant, Darren Moody, objects to the amendment, stating that there are no viable claims against the City of Dothan as alleged in the Plaintiff's proposed Amended Complaint.

For reasons to be discussed, the Motion is due to be GRANTED only to the extent that an Amended Complaint will be allowed.   Any Amended Complaint filed will require more factual

specificity than that which is alleged in the Amended Complaint attached to the Plaintiff's motion (Doc. #23-1).

## II.  MOTION TO AMEND

The Federal Rules of Civil Procedure state that leave to amend should be freely given when justice so requires.   Fed. R. Civ. Pro. 15(a). While discretion of whether to grant leave to amend a pleading lies with the trial court, a justifying reason must be apparent for denial of a motion to amend.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Grounds for refusal to amend may include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment.  *Id.*   When a court denies leave to amend the complaint due to futility, the court makes a legal conclusion that "the complaint, as amended, would necessarily fail."  *St. Charles Foods, Inc. v. America's Favorite Chicken Co.*, 198 F.3d 815, 822 (11th Cir. 1999).

## III.  DISCUSSION

The Plaintiff seeks to add the City of Dothan as a party in this case, and to bring two claims against the City of Dothan.   The Defendant opposes amendment of the Complaint, arguing that the Plaintiff cannot legally bring the claims she seeks to assert against the City of Dothan and that those claims are barred by immunity.   The court begins with the claim in Count III of the proposed Amended Complaint, and then turns to the claim proposed in Count IV.

### Count III

The claim in Count III of the proposed Amended Complaint seeks to hold the City of Dothan vicariously liable for "neglectfulness, unskillfulness, or carelessness" in the death of

Christopher Thomas.   The Defendant argues that the three words, neglectfulness, unskillfulness, or carelessness, are drawn from the Alabama Code providing for a basis for municipal liability, but are not a tort.   The Defendant relies upon *Wright v. City of Ozark*, No. 1:12cv936-MEF, 2014 WL 1765925 at *8 (M.D. Ala. May 2, 2014) to support his argument that the Plaintiff cannot proceed on her claim.

The statutory provision relied upon states in part that "[n]o city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless such injury or wrong was done or suffered through the neglect, carelessness, or unskillfulness of some agent, officer, or employee of the municipality . . . ."   Ala. Code §11-47-190.

In the *Wright* case cited by the Defendant, the court did note that there is no tort for neglect, carelessness, or unskillfulness against an individual officer, but the decision also expressly stated that "allegations that the Defendant officers acted with neglect or in an unskillful manner are relevant to the City's liability . . . ."   *Wright*, 2014 WL 1765925, at *8.   In this case, Count III alleges a basis of liability for the City of Dothan, for what the Plaintiff alleges in the proposed Amended Complaint was a "negligent assault and battery" by one its officers.   (Doc. #23-1).   Therefore, the Defendant's argument based on *Wright* is not well-taken.

The Defendant further argues that even if the Plaintiff can state a claim against the City of Dothan under Alabama Code § 11-47-190, the City of Dothan is immune from suit under Ala. Code § 6-5-338(b).

Alabama Code §6-5-338 provides in pertinent part as follows:

(a) Every peace officer, except constables, who is employed or appointed pursuant to the Constitution or statutes of this state . . . shall have immunity from tort liability arising out of his or her conduct in performance of any discretionary function within the line and scope of his or her law enforcement duties.

3

> (b) This section is intended to extend immunity only to peace officers and governmental units or agencies authorized to appoint peace officers. No immunity is extended hereby to any private non-governmental person or entity, including any private employer of a peace officer during that officer's off-duty hours.

The Plaintiff replies that while § 6-5-338 may provide immunity in some instances of peace officer negligence, if the negligence is based on violating detailed rules and regulations, the claim survives a motion to dismiss on the grounds of immunity.

In *Ex parte City of Tuskegee*, 932 So.2d 895, 906 n.6 (Ala. 2005), the Alabama Supreme Court explained that, while arrests or attempted arrests are generally considered to be discretionary functions within the meaning of the statute, an officer is not entitled to absolute immunity when engaged in an arrest. The court noted that an officer engaged in an arrest who fails to discharge the arrest pursuant to detailed rules or regulations, such as those stated on a checklist, would not be entitled to immunity. *Id.* In that case, the officers were entitled to immunity, and therefore, the city was entitled to immunity, because the plaintiff did not allege that when she was arrested, the officers "failed to discharge duties pursuant to detailed rules or regulations." *Id.*

Another judge of this court applied *Ex parte City of Tuskegee* and concluded that a city is not entitled to peace-officer immunity if an officer making an arrest fails to follow internal detailed regulations pertaining to the use of force. *Fowler v. Meeks*, No. 2:13cv105-WKW, 2014 WL 457762, at *10 (M.D. Ala. Feb. 4, 2012) (Watkins, J.). This court is persuaded that the reasoning of *Ex parte City of Tuskegee* can also apply as an exception to a city's immunity to liability based on a peace officer's negligent use of deadly force.

In this case, the proposed Amended Complaint alleges that the Defendant violated the

City's "detailed" policies/regulations regarding the use of deadly force (Doc. #23-1 at ¶37, ¶43).

In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief.  *See Ashcroft v. Iqbal,* 556 U.S. 662*,* 678-79 (2009).   If the court disregards the conclusory statement in the proposed Amended Complaint of "detailed" policies and regulations, the factual allegations in the proposed Amended Complaint are not sufficiently specific to withstand a Federal Rule of Civil Procedure 12(b)(6) motion.   Therefore, the court will not allow the Plaintiff to file the Amended Complaint which is attached to her Motion, but the court will give the Plaintiff time in which to file an Amended Complaint bringing a claim against the City of Dothan for the negligent assault and battery of its agent, which includes facts to support her conclusory allegation that the Defendant violated detailed City of Dothan policies and regulations in his negligent use of deadly force.

## Count IV

As to the claim in proposed Count IV for negligent hiring, the Defendant argues that a claim of negligent hiring cannot be stated against the City of Dothan because there is no claim against a municipality for negligent hiring under Alabama law, citing *Wright*, 2014 WL 1765925, at *8, and because the municipality would be immune from suit.

Federal district courts in Alabama, including this court, *see Cheatham v. City of Tallassee*, No. 2:11cv672-WHA, 2012 WL 3890127 (M.D. Ala. Sept. 7, 2012), have concluded at various points, beginning with *Ott v. City of Mobile*, 169 F. Supp. 2d 1301 (S.D. Ala. 2001), that there is no cause of action for negligent hiring against a municipality under Alabama law.   At the time *Ott*

was decided, that court found no Alabama cases explicitly holding that Alabama law recognizes a cause of action against a supervisory employee for the negligent training of a subordinate so as to allow a negligent hiring claim to be stated against a municipality based on the employee's actions. *Id.* at 1314-15.   Therefore, the court concluded that no such claim exists under Alabama law.   *Id.*

Since *Ott* was decided, however, the Alabama Supreme Court has decided a case which a judge in this district and a judge in another federal district court in Alabama have concluded may call the conclusion in *Ott* into question. *See Hughes v. City of Montgomery*, No. 2:12cv1007, 2013 WL 5945078, *2-3 (M.D. Ala. Nov. Nov. 6, 2013) (Thompson, J.) (citing *Ex parte City of Montgomery*, 99 So.3d 282, 299 (Ala. 2012)); *Howard v. City of Demopolis*, No. 2:12cv0522-KD, 2013 WL 6158374, at *12 (S.D. Ala. Nov. 25, 2013) (Dubose, J.); *Ford v. City of Goodwater*, No. 2:12cv1094-MHT, 2014 WL 37857, at *8 (M.D. Ala. Jan. 6, 2014) (Thompson, J.).   Those district courts reasoned that because the Alabama Supreme Court allowed claims for negligent hiring, training, and supervision to go forward from the summary judgment stage against the City of Montgomery, there is a "potential" for a negligent hiring, training, and supervision claim to be brought against a municipality under Alabama law. *Howard*, 2013 WL 6158374, at *12 (quoting *Hughes*, 2013 WL 5945087, at *2 ).

In *Ex parte Montgomery*, the Alabama Supreme Court determined that the City of Montgomery was not entitled to summary judgment on claims for negligent hiring (or retention), training, and supervision because the city failed to show who was charged with the hiring, training, and supervision of the police officers, and whether those police officers were entitled to state-agent immunity.   99 So.3d at 299.

This court is persuaded that the Alabama Supreme Court's decision in *Ex parte City of*

6

*Montgomery* calls into question the blanket statement that Alabama law does not recognize a claim of negligent hiring against a municipality. What continues to be true, however, is that though such a cause of action exists, a city may still be immune from liability if the hiring is a discretionary activity performed by a peace officer, pursuant to §6-5-338(b) immunity. *See Ford*, 2014 WL 37857, at *8.

In *Ford,* the hiring at issue was completed by the mayor and council, who were not peace officers, so the city could be held liable and was not protected by peace officer immunity. *Id.* at *8.

In this case, the Plaintiff does not appear to have alleged facts consistent with *Ford*. Instead, she refers to "the City" as hiring Defendant Moody, and includes a conclusory allegation that the City did not follow detailed rules and regulations in his hire. The court concludes that more factual allegations as to by whom the Defendant was hired, and the nature of the rules and regulations allegedly violated in his hire are required to sufficiently plead this claim. Therefore, as with proposed Count III, the court finds that proposed Count IV should be not be allowed, but the Plaintiff will be allowed to file an Amended Complaint which more specifically pleads the circumstances of the alleged violation of applicable rules and regulations in the Defendant's hire.

## IV.   CONCLUSION

For the reasons discussed, the Consolidated Motion to Amend Her First Amended Complaint to Add the City of Dothan Pursuant to Ala. Code § 11-47-190 and a Negligent Hiring Claim is DENIED to the extent that the Plaintiff may not file the proposed Amended Complaint attached to the motion, but is GRANTED to the extent that the Plaintiff is given until June 13, 2014

7

to file an Amended Complaint which is complete in and of itself, which complies with Rule 11, and which more specifically pleads the claims she seeks to assert against the City of Dothan for vicarious liability for negligent assault and battery by its agent in the use of deadly force, and for negligent hiring, consistent with this Memorandum Opinion and Order.

Done this 29th day of May, 2014.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE